# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CRAIG A. RUPP,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. CIV-12-575-D ) |
| **CAROLYN W. COLVIN,**[1] **Acting Commissioner of the Social Security Administration,** | ) ) ) ) |
| **Defendant.** | ) |

## **REPORT AND RECOMMENDATION**

Craig Rupp (Plaintiff) brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record (Tr.) and the parties' briefs, the undersigned recommends that the Commissioner's decision be affirmed.

## **I. ADMINISTRATIVE PROCEEDINGS**

Plaintiff initiated these proceedings by filing applications seeking disability insurance benefits and supplemental security income payments in October 2008. [Tr. 188-197].

---

[1] Effective February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

Following a hearing, Plaintiff's claim was denied by the Administrative Law Judge (ALJ) in March 2010. [Tr. 80-94]. The Appeals Council of the Social Security Administration vacated and remanded the ALJ's decision with orders (in relevant part) to: 1) further evaluate Plaintiff's subjective complaints and "provide rationale" and 2) obtain additional evidence concerning Plaintiff's impairments, including "if warranted," "consultative examinations with psychological testing." [Tr. 97]. Plaintiff had a new hearing, and in October 2011, the same ALJ found that Plaintiff is capable of performing his past relevant work as a janitor and is therefore not disabled. [Tr. 18-19]. The Appeals Council declined Plaintiff's review request, making the decision of the ALJ the final decision of the Commissioner. [Tr. 1-5]. Plaintiff has filed this action seeking review of the Commissioner's decision.

## II. STANDARD OF REVIEW

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

## III.  DETERMINATION OF DISABILITY

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The

Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).

The ALJ determined that Plaintiff has "severe" scoliosis, hernia repair, complaints of chronic fatigue (which in combination are severe), major depressive disorder, and general anxiety disorder. [Tr. 13]. The ALJ then found that Plaintiff's impairments do not meet or medically equal a listed impairment. [Tr. 13-15]. Next, the ALJ concluded that with those limitations, Plaintiff has the RFC to perform medium work except he is limited to "simple tasks with routine supervision, can relate to supervisor and peers on a superficial work basis, and cannot relate to the general public and can adapt to a work situation." [Tr. 15]. In conclusion, the ALJ found that with this RFC, Plaintiff can perform his past relevant work as a janitor. [Tr. 18-19].

## IV.  PLAINTIFF'S CLAIMS OF ERROR

Plaintiff's overarching claim is that the ALJ failed to follow the Appeals Council's remand instructions. Specifically, Plaintiff argues that the ALJ's credibility analysis was "virtually interchangeable" with her prior, vacated opinion and was primarily supported only by "boilerplate" language. Plaintiff's Brief, pp. 5-9 [Doc No. 14]. In a related claim, Plaintiff suggests that the erroneous credibility finding fatally affected the ALJ's finding regarding Plaintiff's ability to perform his past relevant work. *Id.*, pp. 9-11. Finally, Plaintiff complains that the ALJ erred by failing to order a consultative mental examination of Plaintiff. *Id.*, pp. 11-14.

In response, the Commissioner argues that the ALJ conducted a thorough analysis of Plaintiff's credibility and properly identified the specific factors she considered in finding Plaintiff less than fully credible. Commissioner's Brief, pp. 4-8 [Doc No. 15]. For that reason, the Commissioner contends that Plaintiff's claim regarding the effect of the credibility analysis on the Step Four finding is without merit. *Id.*, pp. 8-9. Finally, the Commissioner argues that the ALJ had no duty to order a consultative mental examination of Plaintiff because it was not warranted by the record. *Id.*, pp. 9-10.

## V. ANALYSIS

### A. The ALJ's Credibility Analysis

The ALJ found that although Plaintiff had physical and mental impairments that could reasonably be expected to produce pain or other symptoms, his statements regarding the intensity and functional limitations were not fully credible. [Tr. 16, 17, 18]. In support of such findings, the ALJ summarized Plaintiff's testimony and the medical record in great detail. [Tr. 15-18]. While the ALJ obviously considered much of the same evidence that she had considered in her prior opinion, she also considered the following evidence for the first time: 1) Plaintiff's father's testimony regarding Plaintiff's daily activities;[2] 2) a mental status form written by a case manager and signed by Dr. Vaidya; and 3) Plaintiff's statements as documented in his treatment plan from Dr. Vaidya. *Compare* [Tr. 15-18] *with* [Tr. 87-89].

---

[2] In his reply brief, Plaintiff suggests that it is error for an ALJ to "rel[y] almost entirely on a statement of claimant's limited daily activities . . . ." Plaintiff's Reply, p. 3 [Doc. No. 16]. The ALJ did not do so in this case.

After considering all of the above, the ALJ concluded that Plaintiff's allegations had "generally been inconsistent and unpersuasive." [Tr. 18]. Additionally, the ALJ noted that: 1) Plaintiff's statement that he wanted to keep his mild impairment in social relationships because "'[i]t will look good to keep it for my disability case'" demonstrated more motivation to obtain benefits than to seek treatment; 2) Plaintiff made monthly treatment visits to obtain medication but "rarely reported any symptoms"; and 3) Plaintiff's treating physicians never suggested any functional restrictions on his activities. [Tr. 18]. The ALJ did not make these findings in her first opinion. [Tr. 87-89]. Thus, contrary to Plaintiff's claim, the record reflects that the ALJ did not produce a "virtually interchangeable" second credibility analysis. Instead, she considered all of the medical evidence together with new medical records and new witness testimony.

Plaintiff further complains that the ALJ used only "boilerplate" language. He is correct that the ALJ twice stated:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

[Tr. 16, 17]. The Tenth Circuit has found such language, standing alone, to be insufficient. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). However, the ALJ did not just make a bald statement; instead, as discussed above, she continued her analysis and gave specific reasons for discounting Plaintiff's credibility. Under such circumstances, the ALJ's

5

inclusion of such language is not reversible error. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1170 (10th Cir. 2012) ("[U]se of such boilerplate is problematic only when it appears 'in the absence of a more thorough analysis.'" (citing *Hardman*, 362 F.3d at 678-679)).

In sum, the ALJ considered all the evidence and properly and sufficiently explained the required link between that evidence and her finding that Plaintiff's allegations were not entirely credible. Moreover, Plaintiff does not point to any evidence that the ALJ failed to consider. Accordingly, the undersigned finds that Plaintiff has failed to establish that the ALJ committed reversible error in connection with her assessment of Plaintiff's credibility.

### B. The ALJ's RFC Assessment

Plaintiff's second challenge to the ALJ's decision is that the RFC assessment was fatally affected by the alleged erroneous credibility finding. Plaintiff's Brief, pp. 9-11. However, as discussed above, the undersigned finds no error in the credibility analysis. Thus, as the Commissioner argues, Plaintiff has not demonstrated that the ALJ's RFC determination was erroneous.

### C. The ALJ's Failure to Order a Consultative Examination

The Appeals Council ordered the ALJ to obtain additional medical evidence including, "if warranted and available, consultative examinations with psychological testing and medical source statements about what [Plaintiff] can still do despite the impairments." [Tr. 97]. Plaintiff interprets the order as a mandate for a consultative mental examination and generally argues that a consultative mental examination was warranted in his case. Plaintiff's Brief, pp. 11-14.

The Commissioner disagrees, arguing that a consultative examination was not required by either the Appeals Council's order or the circumstances of Plaintiff's case. Commissioner's Brief, pp. 9-10. The undersigned agrees.

First, a plain reading of the Appeals Council's remand order demonstrates that the ALJ was only required to obtain a consultative examination if it was "warranted." This is not the mandate that Plaintiff would suggest.

Second, the record establishes that in determining Plaintiff's RFC the ALJ did consider additional mental health evidence, including the treatment notes of Margaret Lorimor, a family nurse practitioner [Tr. 16][3] and Dr. Vaidya's mental health status form in which he opined that Plaintiff "could follow simple tasks independently and 'fairs' well with little help on complex tasks." [Tr. 17].

Third, a consultative examination need only be ordered "when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). Plaintiff argues generally that a consultative examination could "reasonably be expected to be of material assistance," but he fails to explain how. Plaintiff's Brief, p. 13. Indeed, Plaintiff does not raise a specific challenge to the ALJ's RFC finding that he is capable of work so long as it consists of simple tasks and requires only superficial contact with peers,

---

[3]The ALJ ultimately determined that the nurse practitioner's opinions were entitled to little weight. [Tr. 17].

supervisors and no contact with the general public. Plaintiff's Brief, pp. 13-14. Accordingly, the undersigned finds the ALJ properly followed the Appeals Council's directive and Plaintiff has not demonstrated any grounds for reversal based on the ALJ's failure to order a consultative mental examination.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, it is recommended that the Commissioner's final decision denying benefits be affirmed. The parties are advised of their right to object to this Report and Recommendation by April 15, 2013, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72(b)(2). The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 25th day of March, 2013.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE