IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CRAIG A. RUPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-575-D |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 18], issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1)(B), in this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). Judge Roberts recommends affirmance of the Commissioner's decision to deny Plaintiff's application for disability insurance and supplemental security income benefits. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of the issues specifically raised by Plaintiff's objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The administrative law judge (ALJ) found in the sequential analysis as follows: Plaintiff has severe impairments of scoliosis, hernia repair, complaints of chronic fatigue, major depressive disorder, and general anxiety disorder; Plaintiff's impairments are not *per se* disabling under the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P., app. 1; Plaintiff has the residual functional capacity (RFC) to perform medium work, limited to simple tasks with routine supervision, superficial interaction with co-workers and supervisors, and no interaction with the general public;

and Plaintiff can perform his past relevant work as a janitor. Plaintiff claims three errors on appeal: 1) the ALJ made insufficient findings regarding Plaintiff's credibility, using boilerplate language and failing to provide specific reasons; 2) the ALJ's insufficient findings led to an erroneous credibility decision that likely affected the ALJ's step four analysis, in light of Plaintiff's advanced age (58) and educational history; and 3) the ALJ erred in failing to obtain a consultative examination regarding Plaintiff's mental impairments.

After careful consideration of the record evidence, Plaintiff's arguments, and controlling legal authorities, Judge Roberts rejects Plaintiff's contentions of error. Judge Roberts first concludes the ALJ adequately explained her credibility determination; the ALJ's boilerplate conclusion is supported by a summary of the evidence on which she relied and statements regarding evidence that led her to conclude Plaintiff's subjective complaints were not fully credible. Finding no reversible error with regard to the ALJ's credibility determination, Judge Roberts finds that Plaintiff has not demonstrated any effect on the RFC assessment, as argued in his brief. Finally, Judge Roberts concludes that Plaintiff has failed to demonstrate a consultative examination was necessary or the failure to order one constituted reversible error.

In his Objection, Plaintiff simply re-urges the arguments presented in his prior briefs, except to present additional arguments regarding why a consultative examination should have been ordered. The Court generally declines to consider new matter raised for the first time in objection to a magistrate judge's report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Further, the Court finds Plaintiff's arguments regarding the necessity of a consultative examination to be unpersuasive and unsupported by relevant legal authorities.

Upon *de novo* consideration of Plaintiff's arguments, the Court fully concurs with Judge Roberts' conclusions. Because the Court cannot add significantly to Judge Roberts' analysis, the Court adopts the Report and Recommendation in its entirety, as though fully set forth herein.

IT IS THEREFORE ORDERED that Judge Roberts' Report and Recommendation [Doc. No. 18] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

IT IS SO ORDERED this 16th day of May, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE